UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-CV-11310

MSP RECOVERY CLAIMS SERIES 44, LLC

v.

ARBELLA MUTUAL INSURANCE COMPANY

MEMORANDUM & ORDER

May 16, 2023

ZOBEL, S.D.J.

## I. Background

Plaintiff MSP Recovery Claims Series 44, LLC ("MSP") is an assignee of Medicare Advantage Organizations ("MAO"). MSP alleges that Defendant Arbella Mutual Insurance Company is a responsible primary plan, which violated its payment obligations to the MAOs under the Medicare Secondary Payer Act ("MSPA"). See 42 U.S.C. § 1395y(b)(3)(A). Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which is allowed. See Dkt. # 10.

## II. Legal Framework

The MSPA sets out the payment structure for medical claims of Medicare beneficiaries. Private insurance plans are the primary payers; Medicare is the secondary payer. 42 U.S.C. § 1395y(b)(2)(A). In some instances, Medicare may make a "conditional payment" for medical services on behalf of the beneficiary, and then seek reimbursement from the primary plan. Id. § 1395y(b)(2)(B)(i). Where "it is demonstrated that [a] primary

1

plan has or had a responsibility to make payment" for the services, the primary plan is obligated to reimburse Medicare. Id. § 1395y(b)(2)(B)(ii).

The MSPA also includes a reporting requirement, known as Section 111.[1] Section 111 requires primary plans to report certain claims to the Centers for Medicare & Medicaid Services ("CMS") for the "appropriate determination concerning coordination of benefits, including any applicable recovery claims." 42 U.S.C. § 1395y(b)(8)(B)(ii). Section 111 mandates reporting "after a claim is resolved through a settlement, judgment, award, or other payment *(regardless of whether or not there is a determination or admission of liability)*." Id. § 1395y(b)(8)(C) (emphasis added).

## III. Discussion

There is no dispute that Defendant is a primary plan. However, whether Defendant is a *responsible* primary plan under the MSPA, with liability for failing to reimburse Medicare, is contested.

As is typical in these cases, MSP asserts facts based on "representative beneficiaries," identified by their initials. Here, it alleges that each beneficiary was (1) injured in an accident and sustained injuries that required medical items and services, and (2) covered by a "no-fault policy" issued by Defendant. MSP further alleges that for each beneficiary, Defendant "reported information to CMS regarding the accident . . . and admitted its primary payer status related to payment and/or reimbursement of [the beneficiary's] accident-related medical expenses." Dkt. # 1 at ¶¶ 35, 50, 62. MSP also includes this admission of primary payer status as a part of its "Standing Allegations" in

---

[1] The Court of Appeals for the Second Circuit explained: "Because 42 U.S.C. § 1395y(b)(8) was added into the [MSPA] by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, it is often referred to as 'Section 111.'" MSP Recovery Claims, Series LLC v. Hereford Ins. Co., 66 F.4th 77, 81 n.6 (2d Cir. 2023).

the complaint. Id. at ¶ 20. Thus, MSP asserts that due to Defendant's Section 111 reporting of claims to CMS, Defendant has admitted its responsibility for paying the representative beneficiaries' medical expenses, and are therefore obligated to reimburse Medicare. The Court of Appeals for the Second Circuit recently decided that this theory of liability is without merit. MSP Recovery Claims, Series LLC v. Hereford Ins. Co., 66 F.4th 77, 89 (2d Cir. 2023) (affirming dismissal for lack of standing based on Section 111 reporting by Defendant).

In Hereford, MSP brought claims on behalf of representative beneficiary "N.G.," as well as 63 other claims identified in Exhibit A of the Amended Complaint. Id. at 83. MSP argued that "when Hereford reported these expenses to CMS under Section 111, Hereford in effect admitted that it, not [the MAO], bore primar[y] responsibility for paying for N.G.'s medical expenses." Id. The court disagreed with MSP's argument because a report filed pursuant to Section 111 "does not amount to an admission of liability," in part because the plain text of the statute requires "a primary plan [to] report claims covered by the MSP[A] without considering its liability for those claims." Id. at 86. As a result, the court held:

> Because MSP's argument that the payments made by [the MAO] are reimbursable by Hereford rests entirely on its proposed interpretation of Section 111, MSP has not adequately alleged a "concrete" or "actual" injury or that the injury it alleges is fairly traceable to Hereford. It therefore lacks standing to bring the [] exemplar claim.

Id. at 89. Hereford is persuasive, and therefore MSP's claims here also fail for lack of standing. See also, MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 994 F.3d 869, 873 (7th Cir. 2021) (affirming district court's grant of summary judgment for lack of standing).

3

## IV. Conclusion

Defendant's Motion to Dismiss (Docket # 10) is ALLOWED, without prejudice. Plaintiff's Motion for Extension of Time to File Response/Reply (Docket # 12) is ALLOWED as well.

May 16, 2023
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE